**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (CLEVELAND)**

| | | |
|---|---|---|
| BRIAN CHERKALA; and YVONNE CHERKALA,<br><br>Plaintiffs,<br><br>v.<br><br>LIVANOVA DEUTSCHLAND, GMBH (f/k/a Sorin Group Deutschland, GmbH); LIVANOVA USA, INC.; LIVANOVA HOLDING USA, INC. (f/k/a SORIN GROUP USA, INC.); and CLEVELAND CLINIC FOUNDATION,<br><br>Defendants. | ) | CASE NO.<br><br>JUDGE<br><br>**NOTICE OF REMOVAL** |

**TO: United States District Court**
**Northern District of Ohio, Eastern Division (Cleveland)**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) ( "LivaNova Holding USA"), and LivaNova USA, Inc. ("LivaNova USA"), hereinafter collectively referred to as "LivaNova Defendants," submit this Notice of Removal from the Court of Common Pleas, Cuyahoga County, Ohio, in which the above-captioned matter is now pending, to the United States District Court for the Northern District of Ohio.

In support of said Notice, LivaNova Defendants state as follows:

**PROCEDURAL HISTORY**

1. This action involves product liability allegations regarding the Sorin Stöckert 3T Heater-Cooler Device. Plaintiffs Brian Cherkala and Yvonne Cherkala ("Plaintiffs") filed their Complaint in the Court of Common Pleas, Cuyahoga County, Ohio, on or about August 26,

2021, asserting injuries from the use of the Sorin 3T during an open heart surgery that plaintiff Brian Cherkala underwent at the Cleveland Clinic. A copy of the Complaint filed in Ohio state court is attached hereto as **Exhibit A**.

2. Plaintiffs also purport to assert a medical negligence claim against Cleveland Clinic Foundation ("Cleveland Clinic") relating to its use of the device. *See* Plaintiffs' Complaint, **Exhibit A**, at ¶¶ 80-86.

3. Plaintiffs' medical negligence action was not accompanied by the requisite affidavit of merit under Ohio Civil Rule 10(D)(2).

4. Plaintiffs previously filed an action in the Court of Common Pleas, Cuyahoga County, Ohio against the LivaNova Defendants that was removed to the Northern District of Ohio before being transferred to MDL No. 2816, *In re: Sorin 3T Heater-Cooler System Products Liability Litigation (No. II)*. The action did not name Cleveland Clinic as a defendant when it was originally filed but stated claims against LivaNova Defendants that are identical to the ones alleged in the instant action. The original action remains pending in the MDL.

5. Upon information and belief, none of the named defendants in this action, including LivaNova Defendants, have been served with a copy of the Complaint as of the time of filing of this Notice of Removal.

6. A copy of the complete docket of Plaintiff's Ohio state court action is attached to this Notice of Removal. *See* **Exhibit B**, Complete Docket for Plaintiff's Ohio State Court Action.

7. Upon information and belief, no other pleadings or documents have been served on any named defendant in this action, including LivaNova Holding USA and LivaNova USA.

8. As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) Defendants have satisfied the procedural requirements for removal.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) there is complete diversity of citizenship between Plaintiffs and the properly joined defendants LivaNova Holding USA, LivaNova USA, and LivaNova Deutschland, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship

10. There is complete diversity of citizenship between Plaintiffs, both of which are citizens of Ohio, and the properly joined named defendants in this action.

11. Plaintiff Brian Cherkala resides in the state of Ohio. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 2.

12. Plaintiff Yvonne Cherkala resides in the state of Ohio. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 3.

13. LivaNova Holding USA was formerly a Delaware corporation with a principal place of business in Houston, Texas.[1] *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 5.

14. LivaNova USA is a Delaware corporation with a principal place of business in Houston, Texas. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 6.

---

[1] LivaNova Holding USA has merged with, into, and under the name of LivaNova USA, a Delaware Corporation with its principal place of business in Texas. To the extent that Plaintiffs allege that LivaNova Holding USA had its principal place of business in Arvada, Colorado, such assertion does not destroy complete diversity in this case.

15. Named Defendant LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH) ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 4.

16. Therefore, for purposes of determining diversity, LivaNova Holding USA and LivaNova USA are citizens of Delaware and Texas, and named defendant LivaNova Deutschland is a citizen of Germany. 28 U.S.C. § 1332(c)(1).

17. Plaintiffs also purport to file suit against Cleveland Clinic Foundation ("Cleveland Clinic"), a healthcare corporation that, upon information and belief, is located in Cuyahoga County, Ohio. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 9.

18. However, and for the reasons that follow, Cleveland Clinic has been fraudulently and improperly joined to defeat diversity jurisdiction. Its citizenship is therefore ignored for purposes of determining diversity jurisdiction. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

19. Accordingly, there is complete diversity between Plaintiffs and all properly joined defendants.

**1) Cleveland Clinic Has Been Fraudulently Joined.**

20. The citizenship of Cleveland Clinic should be disregarded because it has been fraudulently joined to this duplicate action against LivaNova Defendants.

21. As an initial matter, Plaintiffs' fraudulent joinder of Cleveland Clinic is evidenced by the fact that they have already filed suit against the LivaNova Defendants. That action—which makes identical product liability claims against the LivaNova Defendants—remains pending in

federal court as of the time of filing of this Notice of Removal. Plaintiffs' efforts to refile here while naming Cleveland Clinic, are a thinly veiled attempt to destroy diversity.

22. When an action is removed based on diversity, the court determines whether complete diversity exists "at the time of removal." *Coyne*, 183 F.3d at 492; *see also Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (whether there exists complete diversity is assessed at the time that the notice of removal is filed).

23. In determining whether a defendant has been fraudulently joined, the Sixth Circuit requires not just an analysis of whether plaintiff has stated a "claim," but whether the plaintiff has stated "at least a colorable cause of action…" *King v. Centerpulse Orthopedics, Inc.*, 2006 WL 456478, at *2 (N.D. Ohio Feb. 24, 2006) (citing *Jerome-Duncan*, 176 F.3d at 907). Here, it is clear on the face of the Complaint that there is no "colorable cause of action" against Cleveland Clinic.

24. In fact, Plaintiffs have failed to state a claim against Cleveland Clinic for at least two separate reasons. First, Plaintiffs have not provided an affidavit of merit from an expert witness, as is required by Ohio law to state the medical claims they make against Cleveland Clinic. Second, even if they had provided the required affidavit, their claims against Cleveland Clinic are time-barred. Plaintiffs therefore have "no colorable basis to recover" against Cleveland Clinic such that they have fraudulently joined Cleveland Clinic in this action. Cleveland Clinic's citizenship should thus be disregarded.

**a. Plaintiffs Cannot Assert a Medical Claim Against Cleveland Clinic Without an Affidavit of Merit.**

25. Ohio Civil Rule 10(D)(2) requires that every Complaint containing medical claims as defined in R.C. 2305.113 be accompanied by an affidavit of merit. The affidavit must be from an expert witness qualified under Ohio Evidence Rule 601(D) and 702 and must include statements that the affiant: 1) "has reviewed all medical records reasonably available," 2) is familiar with the

applicable standard of care," and 3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. Ohio Civ. R. 10(D)(2).

26. Ohio Revised Code 2305.113(E)(3) defines "medical claim" as "any claim that is asserted in any civil action against a…hospital…and that arises out of the medical diagnosis, care, or treatment of any person." Such claims include "derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." *Id*.

27. To the extent that Plaintiffs attempt to argue that they are not bringing medical claims against Cleveland Clinic but rather claims for Cleveland Clinic's alleged negligent conduct with respect to the 3T System used in Mr. Cherkala's surgery, such attempts are unavailing and are tellingly designed to avoid removal of this action. Indeed, Plaintiffs make medical claims against Cleveland Clinic, a hospital system—they allege that Mr. Cherkala was treated for and received care at Cleveland Clinic for an open-heart surgery that used a Sorin 3T Heater Cooler unit (Plaintiffs' Complaint, **Exhibit A** at ¶¶ 47-48) and that the infection Mr. Cherkala allegedly sustained was derived from "Cleveland Clinic fail[ing] to properly maintain, clean and disinfect the Stockert 3T Heater-Cooler Systems," which were allegedly used as part of Mr. Cherkala's medical care and open heart surgery (*id*. at ¶ 82).

28. Having asserted medical claims against Cleveland Clinic, Plaintiffs therefore must provide the affidavit required by Ohio Civil Rule 10(D)(2). They have failed to do so and consequently fail to state a legally cognizable medical claim against Cleveland Clinic under Ohio law. As the Ohio Supreme Court stated in *Fletcher v. University Hospitals of Cleveland*, 120 Ohio St.3d 167, 169-70 (2008), the affidavit of merit required to accompany a complaint asserting a medical claim requires averments "that go to the validity of the medical claim." The "purpose behind the rule is to deter the filing of frivolous medical malpractice claims…[T]o further this end,

Civ. R. 10(D)(2)(c) expressly made it clear that the affidavit is necessary in order to 'establish the adequacy of the complaint.'" *Id*. at 170.

29. Other federal courts considering similar facts have held that a plaintiff's medical claims against her physician were fraudulently joined where the plaintiff failed to file the required report and affidavit of merit. *See Hill v. C.R. Bard, Inc.*, 582 F. Supp.2d 1041, 1050 (C.D. Ill. 2008). In *Hill*, the plaintiff filed her original complaint in state court on April 2, 2008 against the manufacturer of her medical device. *Id.* at 1043. On May 28, 2008, the plaintiff amended her complaint to include medical malpractice claims against the physicians who implanted the device. *Id.* Plaintiff did not file the required report or affidavit of merit when she filed her amended complaint. *Id.* at 1048. The medical device manufacturer removed the case to federal court, arguing that plaintiff fraudulently joined the physicians in an attempt to remain in state court. *Id.* at 1043–44. The plaintiff then filed a motion to remand. *Id.* at 1044. The district court denied the motion to remand and agreed with the defendant that plaintiff's claims against the physicians were fraudulently joined. *Id.* at 1048–49. The court reasoned, "[I]n order for Plaintiff to have a possibility of success in state court against [the physician defendants], a section 2-622 certificate would be required." *Id.* at 1048. The court also emphasized that even if the plaintiff could soon obtain and file the required report and affidavit of merit, her claim would be time-barred, because the report and affidavit were not filed before the statute of limitations ran (or within the 90-day timeframe permitted under 2-622(a)(2)). *Id.* at 1049. Ultimately, the court held, "Plaintiff would have no possibility of success against the doctors in state court, they have been fraudulently joined in federal court for the purpose of defeating diversity jurisdiction." *Id.*

30. Here, like in *Hill*, Plaintiffs have failed to provide the required affidavit of merit. Nor do they intend to provide one in the future, as evidenced by the motion they filed concurrently

with their Complaint, asking the Court for relief from the affidavit requirement. *See* **Exhibit B**, Complete Docket for Plaintiff's Ohio State Court Action.

31. Under Ohio Civil Rule 10(D)(2)(c), Plaintiffs' failure to provide an affidavit of merit makes their medical claims against Cleveland Clinic inadequate as a matter of law. *Fletcher*, 120 Ohio St.3d at 171. Because Plaintiffs' medical claims against Cleveland Clinic have no reasonable basis in the law, they are insufficient to preclude diversity jurisdiction.

**b. <u>Plaintiffs Cannot State Medical Claims Against Cleveland Clinic Because They Are Time-Barred.</u>**

32. Ohio Revised Code Section 2305.113(A) imposes a one-year statute of limitation on medical claims like the ones Plaintiffs assert against Cleveland Clinic. Plaintiffs bring their medical claims against Cleveland Clinic outside of the one-year period permitted by Ohio statute.

33. Indeed, Plaintiffs allege that Mr. Cherkala's surgery occurred on August 28, 2017 and that he was subsequently diagnosed with *M. chimaera* on December 6, 2018. Plaintiffs' Complaint, **Exhibit A** at ¶¶ 1, 47, 52.

34. Thus, as early as August 28, 2018 and no later than December 6, 2019, Plaintiffs' one-year limitations period to file a medical claim against Cleveland Clinic had expired.

35. Even if Plaintiffs' claims against Cleveland Clinic were treated as mere negligence claims rather than medical claims governed by Ohio Revised Code Section 2305.113(A), as Plaintiffs suggest they should be, the statute of limitations for negligence claims is two years. O.R.C. 2305.10. This period, too, expired before Plaintiffs brought their claims against Cleveland Clinic in the instant action, and no later than December 6, 2020—over eight months before Plaintiffs brought the instant action.

36. Because Plaintiffs' claims against Cleveland Clinic, whether couched in terms of medical claims or mere negligence, are time-barred under Ohio law, such claims are insufficient to preclude diversity jurisdiction in this action.

37. By virtue of the above, Plaintiffs have fraudulently joined Cleveland Clinic in this action, and Cleveland Clinic's citizenship should therefore be disregarded for purposes of determining diversity. *King*, 2006 WL 456478, at *5. Because none of the named and properly joined defendants are citizens of the state of Ohio, Plaintiff's sole alleged state of citizenship, complete diversity exists between the parties. 28 U.S.C. § 1332.

**B. Amount in Controversy**

38. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiffs' Complaint.

39. Plaintiffs' Complaint alleges that Mr. Cherkala underwent an open-heart procedure to replace a heart valve on August 28, 2017 and that a Sorin 3T Heater-Cooler Unit ("3T System") was used during this surgery. Plaintiffs allege that this caused Mr. Cherkala to be exposed to and infected with non-tuberculous mycobacterium and that such infection required him to undergo a second open-heart surgery to replace a contaminated heart valve. *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 1, 16, 47-49, 52, 55.

40. Plaintiffs' Complaint alleges that Plaintiff Brian Cherkala suffered "a chronic, systemic infection affecting multiple organ systems, culminating in a second open-heart surgery," that he has become "chronically ill, suffering from persistent fevers, night sweats, and a chronic cough," that the alleged non-tuberculous mycobacterium infection "spread throughout his body, inflaming his spleen, liver, and other organs," that he "was required to take extended

doses of strong antibiotics and steroids, which carried painful and debilitating side effects," and that he "is still battling the Mycobacterium chimera infection and continues to suffer the harsh effects of both the bacterial infection and the treatment of it." *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 1, 50-51, 53-56. Moreover, Plaintiffs allege that Mr. Cherkala has "endured serious physical and mental injury [and] was forced to seek medical attention and incur medical expenses and suffered additional general and special damages," and that Plaintiff Yvonne Cherkala "has suffered loss of services and consortium [and] has been forced to incur medical and other expenses and lost wages," all of which Plaintiffs allege are "permanent" injuries. *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 62, 66, 70, 74, 78, 88

41. The seriousness and permanent nature of the alleged injuries in the Complaint places more than $75,000 in controversy. *Lucas v. Springhill Hosp., Inc.*, 2009 WL 1652155, at *3 (N.D. Ohio, June 11, 2009) (holding that damages sought for multiple surgeries, extensive rehabilitation, severe pain, mental anguish, emotional pain and suffering, medical expenses, and other "permanent" injuries made it "more likely than not that recovery will exceed $75,000.") medical expenses, pain and suffering, mental anguish, and lost earnings "appear to make a recovery in excess of $75,000 more likely than not."); *Paige v. Home Depot U.S.A., Inc.*, 2018 WL 3037381, at *1-2 (N.D. Ohio June 19, 2018) (holding that "[l]ooking at Plaintiff's own complaint…it is more likely than not that the amount in controversy requirement is met in this case" where the plaintiff alleged "medical costs and expenses," "costs associated with physical and mental pain and suffering," "inconvenience," and "lost earnings and wages").

42. By virtue of these allegations of injury, Plaintiffs are seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

43. Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

## II. **THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).**

44. Upon information and belief, none of the named and properly joined defendants, including LivaNova Holding USA and LivaNova USA, have been served, and therefore, the thirty-day timeline for removal has not yet started. *See Hunter v. Am. Exp. Travel Related Serv.*, 643 F. Supp. 168, 170 (S.D. Miss. 1986) ("service of process is a prerequisite to the commencement of the removal period.").

45. Nonetheless, this Notice of Removal is filed within thirty days of the filing of the Complaint and LivaNova Defendants' receipt of a copy of the Complaint.

46. For these reasons, this Notice of Removal is timely.

## III. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

47. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

48. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Ohio, Eastern Division is the federal district for the district embracing the place where the state court suit is pending, namely the Court of Common Pleas, Cuyahoga County, Ohio.

49. The thirty-day period for removal has not started because none of the named defendants have been served with the Complaint. Defendants' Notice of Removal is therefore timely.

50. Upon information and belief, LivaNova Deutschland, the only other named and properly joined defendant in this action, has not been served with process in accordance with the Hague Convention. LivaNova Deutschland has therefore not been properly served.

51. Cleveland Clinic need not consent to removal because it has not been properly joined to the action inasmuch as it has not been served with the Complaint and Summons, and because it has been fraudulently joined. *See, e.g.*, *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)"); *Johnson Controls, Inc. v. J.F. Dunn Enters., Inc.*, No. 08-12045, 2009 WL 415706, at *1 (E.D. Mich. Feb. 19, 2009) ("[I]f Defendants are able to establish that J.F. Dunn was fraudulently joined as a party, then they need not obtain its consent to removal."); *Gross v. FCA US LLC*, No. 17 C 4889, 2017 WL 6065234, at *5 (N.D. Ill. Dec. 7, 2017) ("Consent for removal under Section 1446(b)(2)(A) is not required from fraudulently joined defendants."). Nonetheless, LivaNova Defendants have obtained consent from counsel for Cleveland Clinic to remove this action.

52. Similarly, because the only other entity named and properly joined in this action, LivaNova Deutschland, has not been properly served, LivaNova Defendants are not required to obtain its consent for removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Kralj v. Byers*, 2006 WL 8449912, at *2 (N.D. Ohio Apr. 5, 2006) ("The general rule that all defendants join or consent to the removal does not apply when the non-joining defendant has not been served at the time the

notice of removal is filed"); *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *3 n.8 (6th Cir. Mar. 22, 1994) (noting that a defendant need not consent to removal when "the non-joining defendant has not been served with service of process at the time the removal petition is filed.").

53. Even though service has not been made on named and properly joined defendant LivaNova Deutschland, and therefore there is no need to obtain its consent for removal, LivaNova Defendants have nonetheless obtained the consent of LivaNova Deutschland to remove this action. *See* Notice of Consent for LivaNova Deutschland, **Exhibit C**. LivaNova Deutschland offers its consent without waiving any of its initial 12(b) objections, including but not limited to those defenses related to insufficient service of process and personal jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3rd Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court…so defendants can still challenge jurisdiction after removal"); *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 250 F. 160, 165 (6th Cir. 1918) ("The validity of the service of process in a state court may…be questioned after removal to a Federal court"); *Fountain v. Detroit, M. & T.S.L.R. Co.*, 210 F. 982, 983 (N.D. Ohio 1913) (same).

54. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and is also being filed with the clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

WHEREFORE, Defendants LivaNova USA, Inc. and LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) file this Notice of Removal so that the entire state court action now pending in the Court of Common Pleas, Cuyahoga County, Ohio, be removed to this court for all further proceedings.

Respectfully submitted,

*/s/ Michael P. Pest*

Michael P. Pest, Esquire (OH0099289)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099
E-mail: mpest@eckertsemans.com
*Attorneys for Defendants LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH), LivaNova USA, Inc. and LivaNova Holding USA, Inc.*

Date: Aug. 26, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing NOTICE OF REMOVAL upon the parties or counsel below via first class mail and electronic mail:

Dennis R. Lansdowne
William Hawal
Michael P. Lewis
SPANGENBERGER SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
dlansdowne@spanglaw.com
whawal@spanglaw.com
mlewis@spanglaw.com

*Counsel for Plaintiffs*

Edward E. Taber
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
edward.taber@tuckerellis.com

*/s/ Michael P. Pest*
Michael P. Pest, Esquire (OH0099289)

*Attorneys for Defendants LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH), LivaNova USA, Inc. and LivaNova Holding USA, Inc.*

Date: Aug. 26, 2021